# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**                                                    **CIVIL ACTION**

**VERSUS**

**DOUG WELBORN**                                          **NO. 09-468-A-M2**
**CLERK OF COURT, 19TH JDC**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, July 29, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELVIN WELLS                                          CIVIL ACTION

VERSUS

DOUG WELBORN                                          NO. 09-468-A-M2
CLERK OF COURT, 19TH JDC

MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Complaint (R. Doc. 1) filed in the above-
captioned matter on July 20, 2009.  In the complaint, plaintiff, Kelvin Wells ("Wells"),
asserts violations of his 14th Amendment rights to due process and equal protection.
Specifically, he contends that the Clerk's Office for the 19th Judicial District Court has failed
to perform its administrative duties and process numerous petitions and subpoenas that
he has submitted to that Clerk between July 2000 and March 2009.  In his prayer for relief,
he seeks to have this Court:  (1) compel the 19th Judicial District Court Clerk to pay
damages for his pain and suffering and for violations of his due process and equal
protection rights; (2) compel the U.S. Attorney's Office to investigate civil rights violations
against African Americans by the Clerk's office; and (3) compel the Clerk's office to pay him
punitive damages.

Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss
an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails
to state a claim upon which relief may be granted.  *Cf., Green v. McKaskle*, 788 F.2d 1116
(5th Cir. 1986).  An in forma pauperis suit is properly dismissed as frivolous if the claim

1

lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  *Cf., Green v. McKaskle, supra.*  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

The present suit should be dismissed for failing to state a claim upon which relief may be granted in this Court.  Federal courts have no authority to "direct state courts or their judicial officers in the performance of their duties."  *Spalsbury v. Sisson*, 2007 WL 2705722, **8 (10th Cir. 2007), quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1436, n. 5 (10th Cir. 1986); *Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970); *Smith v. United States Ct. of Appeals, Tenth Cir.*, 484 F.3d 1281, 1287 (10th Cir. 2007)("declin[ing] to recast [plaintiff's] request for mandamus as a §1983 claim" and "adher[ing] to our general prohibition on issuing a writ of mandamus to a state court judge").  Additionally, Wells has not alleged any facts demonstrating that he was in any way foreclosed from filing a grievance in the state court system regarding the alleged failures of the state court clerk; as such, he has not begun to show a deprivation of a constitutional right.  *Spalsbury*, at **8, citing *Olson v. Hart*, 965 F.2d 940, 943 (10th Cir. 1992)(explaining that injunctive relief under §1983 is not available absent deprivation of a federal right).  Accordingly, Wells' present suit should be dismissed with prejudice.

2

## **RECOMMENDATION**

For the above reasons, it is recommended that the above-captioned matter be

**DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915A for failure to state a claim

upon which relief may be granted by this Court.

Signed in chambers in Baton Rouge, Louisiana, July 29, 2009.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**